UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDY POZO SANCHEZ,

      Petitioner,

v.

                                Case No.:  2:26-cv-00716-SPC-NPM

WARDEN, GLADES DETENTION
CENTER *et al.*,

      Respondents,

---

**OPINION AND ORDER**

Before the Court are Andy Pozo Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).  For the below reasons, the Court grants the petition.

Pozo Sanchez is a native and citizen of Cuba who entered the United States on November 11, 2023.  Border Patrol issued a notice to appear and paroled him into the country.  He has a pending application for adjustment of status under the Cuban Adjustment Act.  On October 2, 2025, the Miami-Dade Sheriff's Office arrested Pozo Sanchez for possession of cocaine, though the charge was later dropped.  Immigration and Customs Enforcement took custody of Pozo Sanchez, and an immigration judge ordered him removed on March 3, 2026.  The Board of Immigration Appeals rejected his first appeal, but he is still within the appeal window, so the removal order is not final.  Pozo

Sanchez is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Pozo Sanchez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Pozo Sanchez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners

2

in those cases, Pozo Sanchez's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Pozo Sanchez has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]  However, the situation changes if Pozo Sanchez does not timely appeal the removal order.  If the order becomes final, Pozo Sanchez will be subject to mandatory detention under § 1231.

Thus, if Pozo Sanchez timely appeals the removal order, the respondents must either bring him before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Pozo Sanchez's immigration counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's interpretation of the INA.  The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive.  And a circuit split is likely.  In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits.  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.    But, to be clear, subjecting Pozo Sanchez to mandatory detention under § 1225(b)(2) is unlawful.  If the respondents are unable to ensure Pozo Sanchez receives a bond hearing that complies with this Order within ten days, they must release him.

If Pozo Sanchez does not timely appeal the removal order, his petition will become moot, and the respondents need not facilitate a bond hearing.

Accordingly, it is hereby

**ORDERED**:

Andy Pozo Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    **If Pozo Sanchez timely appeals the removal order**, the respondents shall, within **10 days** of this Order, either (1) bring Pozo Sanchez for an individualized bond hearing before an immigration judge or (2) release Pozo Sanchez under reasonable conditions of supervision.  If the respondents release Pozo Sanchez, they shall provide him telephone access to arrange his transportation from the facility.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

5

**DONE AND ORDERED** in Fort Myers, Florida on March 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

5